**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000559**
**22-MAY-2018**
**08:43 AM**

NO. CAAP-15-0000559

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSEPH D. JONES, also known as BOBBY R. WILLIAMS,
Defendant-Appellant, and JANA PYNE, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-1296)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Joseph D. Jones, also known as
Bobby R. Williams, (Jones) appeals from the Judgment of
Conviction and Sentence entered on July 8, 2015 in the Circuit
Court of the First Circuit (Circuit Court).[1] After a jury trial,
the Circuit Court convicted Jones in Count 1 of Robbery in the
Second Degree, a violation of Hawaii Revised Statutes (HRS) 708-
841(1)(a) (2014),[2] in Counts 2 and 3 of Robbery in the First
Degree, violations of HRS § 708-840(1)(b)(i) (2014) and/or HRS

---

[1]    The Honorable Colette Y. Garibaldi presided.

[2]    HRS § 708-841 provides, in relevant part:

**Robbery in the second degree.** (1) A person commits the
offense of robbery in the second degree if, in the course of
committing theft or non-consensual taking of a motor
vehicle:

(a)    The person uses force against the person of
anyone present with the intent to overcome that
person's physical resistance or physical power
of resistance[.]

§ 708-840(1)(b)(ii) (2014),[3] and in Count 4 of Unauthorized Possession of Confidential Personal Information, a violation of HRS § 708-839.55 (2014).[4]  Jones was sentenced in Count 1 to ten (10) years incarceration with a mandatory minimum of three (3) years and four (4) months, in each of Counts 2 and 3 to twenty (20) years incarceration with a mandatory minimum of six (6) years and eight (8) months, and in Count 4 to five (5) years incarceration, all terms to be served concurrently.

On appeal, Jones argues that:  (1) the Circuit Court abused its discretion by denying Jones's motion to sever the charges against him; (2) the Circuit Court erred by denying

---

[3]  HRS § 708-840 provides, in relevant parts:

(1) A person commits the offense of robbery in the first degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

. . . .

    (b)    The person is armed with a dangerous instrument or a simulated firearm and:

        (i)    The person uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance; or

        (ii)    The person threatens the imminent use of force against the person of anyone present with intent to compel acquiescence to the taking of or escaping with the property;

. . . .

(2) As used in this section:

. . . .

"Simulated firearm" means any object that:

    (a)  Substantially resembles a firearm;

    (b)  Can reasonably be perceived to be a firearm; or

    (c)  Is used or brandished as a firearm.

[4]  HRS § 708-839.55 provides, in relevant part:

**Unauthorized possession of confidential personal information.**  (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

2

Jones's motion to dismiss the robbery charges against him because the charging language failed to include the offenses' requisite states of mind; (3) the Circuit Court erred by denying Jones's motion to dismiss the Unauthorized Possession of Confidential Personal Information charge because the indictment failed to define the term "confidential personal information"; and (4) there was insufficient evidence to support Jones's convictions.[5]

After a careful review and consideration of the parties' arguments, the record on appeal, and relevant legal authorities, we resolve Jones's points on appeal as follows and affirm his convictions in Count 1-3, and vacate and remand Count 4 to the Circuit Court with instructions to dismiss without prejudice.

1. Jones contends the Circuit Court abused its discretion by denying his motion to sever the charges against him. Jones waived his opportunity to contest the Circuit Court's ruling on the motion to sever. The Hawai'i Supreme Court has previously ruled that a failure to renew a pretrial motion for severance waives the claim. State v. Balanza, 93 Hawai'i 279, 288, 1 P.3d 281, 290 (2000) (citing State v. Hilongo, 64 Haw. 577, 579, 645 P.2d 314, 316 (1982) (citing State v. Matias, 57 Haw. 96, 99-100, 550 P.2d 900, 902-03, (1976))). This is due in part to the difficulty of making a finding of prejudice before trial. Matias, 57 Haw. at 98, 550 P.2d at 902. The record on appeal contains no indication that Jones renewed his motion for severance either at the close of the prosecution's case or at the close of all evidence. Insofar as Jones did not renew his motion for severance at the close of the prosecution's case or at the close of all evidence, his claim of error on this point was waived.

2. The Circuit Court did not err in denying Jones's motion to dismiss Counts 1-3 for failing to include the offenses'

---

[5] Jones's points have been restyled and reordered chronologically.

requisite states of mind.[6] Jones argues that the Circuit Court erred because the charges were fatally defective for failing to include the requisite states of mind.

Whether a charge sets forth all the essential elements of the offense is a question of law reviewed by the appellate courts *de novo*. State v. Young, 107 Hawai'i 36, 39, 109 P.3d 677, 680 (2005). Generally, "[w]here the statute sets forth with reasonable clarity all essential elements of the crime intended

---

[6] In each of Counts 1-3, Jones was charged, in pertinent part, as follows:

> COUNT 1: On or about August 5, 2014, in the City and County of Honolulu, State of Hawai'i, JOSEPH D. JONES also known as Bobby R. Williams and JANA PYNE, while in the course of committing theft from Young's Grocery Store and/or [First Complaining Witness (CW1)], did use force against the person of [CW1], a person who was present, with the intent to overcome [CW1]'s physical resistance or physical power of resistance, thereby committing the offense of Robbery in the Second Degree, in violation of Section 708-841(1)(a) of the Hawai'i Revised Statutes. [(Count I)]
>
> . . . .
>
> COUNT 2: On or about August 5,2014, in the City and County of Honolulu, State of Hawai'i, JOSEPH D. JONES also known as Bobby R. Williams and JANA PYNE, while in the course of committing theft from Kauhale Mini Mart and/or [Second Complaining Witness (CW2)], and while armed with a dangerous instrument, a firearm as defined Section 706-660.1 of the Hawaii Revised Statues, did use force against the person of [CW2], a person who was present, with intent to overcome [CW2]'s physical resistance or physical power of resistance, and/or did threaten the imminent use of force against the person of [CW2], person who was present, with intent to compel acquiescence to the taking of or escaping with the property, thereby committing the offense of Robbery in the First Degree, in violation of Section 708-840(1)(b)(i) and/or (ii) of the Hawai'i Revised Statutes. [(Count II)]
>
> . . . .
>
> COUNT 3: On or about August 6, 2014, in the City and County of Honolulu, State of Hawai'i, JOSEPH D. JONES also known as Bobby R. Williams and JANA PYNE, while in the course of committing theft from Ohana Grocery Wholesale & Retail Market, Incorporated and/or [Third Complaining Witness (CW3)], and while armed with a dangerous instrument, to wit a firearm as defined in Section 706-600.1 of the Hawaii Revised Statues, did use force against the person of CW3, a person who was present, with intent to overcome CW3's physical resistance or physical power of resistance and/or did threaten the imminent use of force against the person of CW3, a person who was present, with intent to compel acquiescence to the taking of or escaping with the property, thereby committing the offense of Robbery in the First Degree, in violation of Section 708-840(1)(b)(i) and/or (ii) of the Hawai'i Revised Statutes. [(Count III)]

4

to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." State v. Wheeler, 121 Hawai'i 383, 393, 219 P.3d 1170, 1180 (2009) (quoting State v. Jendrusch, 58 Haw. 279, 282, 567 P.2d 1242, 1245 (1977)) (internal quotation marks omitted). Although not an element of an offense, a charging instrument must include the applicable mens rea of the crime so to "alert the defendants of precisely what they needed to defend against to avoid a conviction." State v. Gonzalez, 128 Hawai'i 314, 324, 288 P.3d 788, 798 (2012) (quoting State v. Nesmith, 127 Hawai'i 48, 56, 276 P.3d 617, 625 (2012)) (internal quotation marks omitted). Jones argues that "HRS 708-840 [(Robbery in the First Degree)] and 708-841 [(Robbery in the Second Degree)] do not specify the state of mind applicable to the 'did use force against' or 'threatens the imminent use of force' element of the offense" and, therefore, the robbery charges, which tracked the language of the statutes, were deficient. We disagree based on the explicit language of the robbery statutes themselves. E.g., State v. Silver, 125 Hawai'i 1, 4, 249 P.3d 1141, 1144 (2011) (citations omitted) (the fundamental starting point for statutory interpretation is the language of the statute itself); see HRS § 708-840(1)(b); HRS § 708-840. In Count 1, the indictment recites the required mental state as "the intent to overcome" taken from the statute. In Counts 2 and 3, the indictment recites "with intent to overcome" and/or "with intent to compel acquiescence" taken from the statute. We interpret this language to specify the intentional state of mind as that to be proven against Jones. Therefore, the Circuit Court did not err by denying Jones's motion to dismiss Counts 1-3 for failing to include the applicable state of mind. See State v. Manning, 139 Hawai'i 349, 389 P.3d 944, CAAP-14-0000766, 2017 WL 770781 at *1 (App. Feb. 28, 2017) (SDO).

3. The Circuit Court erred by denying Jones's motion to dismiss Count 4 because the indictment failed to define the term "confidential personal information." In State v. Pacquing, the Hawai'i Supreme Court held an Unauthorized Possession of

Confidential Personal Information complaint tracking the statutory language must be dismissed without prejudice as insufficient. 139 Hawai'i 302, 308-09, 389 P.3d 897, 903-04 (2016). There, the charge was insufficient for failing to define "personal confidential information" or specifying the charged items of information. Id. at 308, 389 P.3d at 903.

Here, the indictment against Jones was nearly identical to the complaint deemed insufficient in Pacquing and contained neither the statutory definition of "confidential personal information" nor specified the charged items of information. Consequently, the Circuit Court erred by denying Jones's motion to dismiss Count 4 because the indictment was legally insufficient. As such, we must remand to the Circuit Court for the count to be dismissed without prejudice. Id. at 308-09, 389 P.3d at 903-04.

4. The Circuit Court did not plainly err in denying Jones's motion for judgment of acquittal as, taking the evidence in the light most favorable to the prosecution, State v. Timoteo, 87 Hawai'i 108, 112-13, 952 P.2d 865, 869-70 (1997), there was substantial evidence to support his robbery convictions.

As an initial matter, we note that Jones failed to properly preserve this issue before the Circuit Court. Pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 29(a),[7] Jones moved for judgment of acquittal at the close of the State's case. The Circuit Court denied the motion.[8] Thereafter, Jones

---

[7]    HRPP Rule 29(a) provides:

(a) **Motion Before Submission to Jury.** Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

[8]    HRPP Rule 29(b) provides:

(b) **Reservation of Decision on Motion.** If a motion for judgment of acquittal is made at the close of the evidence offered by the prosecution, the court shall not reserve decision thereon. If such motion is made after all parties have rested, the court may reserve decision on the

(continued...)

6

presented himself as a witness in his defense. Jones did not renew the motion after he rested or after all evidence had been presented.

In light of his failure to preserve a challenge to the Circuit Court's denial at the end of the State's case, we must review Jones's sufficiency claim for plain error under HRPP Rule 52(b), and in light of all evidence adduced at trial. See State v. Rodrigues, 6 Haw. App. 580, 580, 733 P.2d 1222, 1223 (1987) (defendant lost his right to contest HRPP Rule 29(a) ruling when he introduced evidence after his motion was denied).

While Jones was charged as a principal to the robbery offenses, he could have been convicted as an accomplice if the evidence indicated such.[9] See State v. Fukusaku, 85 Hawai'i 462, 486, 946 P.2d 32, 56 (1997). "HRS § 702-221[(2014)] states that a person can be guilty of an offense if he/she commits the offense by his/her own conduct or if he/she is an accomplice to another person in the commission of the offense." State v. Toma, 137 Hawai'i 18,364 P.3d 535, SCAP-13-0000029, 2015 WL 9303983 at *5 (Haw. Dec. 21, 2015) (mem). "A person is an accomplice of another person in the commission of an offense if . . . [w]ith the intention of promoting or facilitating the commission of the offense, the person . . . [a]ids or agrees or attempts to aide the other person in planning or committing it[.]" See HRS § 702-222(1)(b) (2014). Prior to trial, the court severed the trials for Jones and Jana Pyne (Pyne), codefendant in the robbery counts.

First, there was sufficient evidence to support Jones's conviction for Robbery in the Second Degree, as alleged in Count 1 of his indictment. See HRS § 708-841. The complaining witness in Count 1 (CW1) testified that Jones grabbed him by the neck and tilted his head back, Pyne sprayed pepper spray on CW1,

---

[8](...continued)
> motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

[9]     An accomplice liability jury instruction was given over the objection of Jones, a decision that he does not challenge on appeal.

Jones asked CW1 for the location of the cash register, and then $300-$400 was taken from the cash register. Jones admitted that he took cigarettes and Pyne took money. Based on these facts, there was sufficient evidence to find Jones guilty of Robbery in the Second Degree.

Second, there was sufficient evidence to support Jones's conviction for Robbery in the First Degree, as alleged in Count 2 of his indictment. See HRS § 708-840(1)(b). The complaining witness in Count 2 (CW2) testified Jones pointed a gun at her, demanded the store's money, and while pointing the gun, reached into the register, taking about $250. Jones admitted taking money from CW2's cash register and walking out of the Kauhale Mini Mart. Based on these facts, there was sufficient evidence to find Jones guilty of Robbery in the First Degree.

Third, there was sufficient evidence to support Jones's conviction for Robbery in the First Degree, as alleged in Count 3 of his indictment. See HRS § 708-840(1)(b). The complaining witness in Count 3 (CW3) testified that Jones entered the Ohana Grocery Wholesale Market asking to use the bathroom. Pyne then entered the store, pulled out a gun, and demanded that CW3 open the cash register. When CW3 refused, Pyne pistol-whipped CW3 and then fired the gun at her, hitting a chair. Jones testified that he drove Pyne to the store, witnessed Pyne shoot at CW3, and then drove Pyne back to the motel after the shooting, knowing that Pyne was unable to operate the car's manual transmission. Given the evidence presented at trial, there was sufficient evidence to find Jones guilty as an accomplice of Robbery in the First Degree in Count 3.

Based on the testimony of the witnesses and viewing all inferences in the light most favorable to the State, sufficient evidence was provided to find Jones guilty of the robbery offenses. The Circuit Court did not plainly err in denying Jones's motion for judgment of acquittal.

Therefore, we affirm the Circuit Court of the First Circuit's July 8, 2015 Judgment of Conviction and Sentence with regard to Counts 1-3 and vacate and remand Count 4 with

8

instructions to dismiss without prejudice.  It is further ordered that the Circuit Court correct the July 8, 2015 Judgment of Conviction and Sentence insofar as the statutory citation for Counts 2 and 3 is in error.

DATED:  Honolulu, Hawai'i, May 22, 2018.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge